## MARY CARRAHER vs. INHABITANTS OF REVERE.

Suffolk. November 14, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Damages*, For property taken under statutory authority. *Way.*

On a petition under Pub. Sts. c. 49, §§ 79, 105, for damages from the taking of land for the laying out of a town way, the condition of the premises immediately before and immediately after the taking always can be shown. This may include the condition of a sidewalk in front of the premises. And *semble*, that if in the town where the land is taken the cost of the laying and reconstruction of sidewalks is assessed either wholly or in part upon the abutters, and if it can be shown that a new sidewalk will be necessary at an early day in consequence of the taking and that the plaintiff's property will be subject to an assessment for the cost of it, it is possible that this properly may be considered by the jury.

PETITION, filed January 31, 1900, under Pub. Sts. c. 49, §§ 79, 105, for determination by a jury of damages for the taking of eighty-four square feet of the petitioner's land for the laying out of Crescent Avenue, a town way in the town of Revere.

At the trial in the Superior Court before *Wait*, J., the jury

returned a verdict for the petitioner in the sum of $735; and the respondent alleged exceptions.

*S. R. Cutler*, for the respondent.

*B. B. Dewing*, for the petitioner.

KNOWLTON, C. J. This is a petition brought under the Pub. Sts. c. 49, §§ 79, 105, to recover damages for the taking of land for the laying out of a town way. Previously to the taking, the land taken abutted upon the public street, with a fence on the line of the street and a concrete sidewalk adjacent to the fence. The portion taken was about eighty-four square feet in all, and was near the corner of the lot, which was rounded off in the taking so that the fence, when it was set back, had in it six angles or more along the line of the new street.

The petitioner and one of her witnesses were permitted to testify, against the objection and exception of the respondent, to the condition of the sidewalk immediately in front of the premises before the land was taken, and to its condition afterwards. The presiding judge admitted the testimony to describe the premises at the time of the taking and after the taking, and told the jury that the evidence was to be confined to that purpose.

It hardly can be contended that a jury, in order intelligently to understand a case of this kind, may not ascertain, as a matter of description, the condition of the premises and their surroundings immediately before and immediately after the taking.

The respondent fears that the jury may have given undue effect to the testimony in determining the damages. The possibility of this might have been guarded against by requesting instructions, but no instructions were asked for.

We do not intend to intimate that the condition of the sidewalk and its relation to the fence as it was set back, might not have been a legitimate subject for particular consideration in estimating damages, if, in Revere, as in many other places, the cost of the laying and reconstruction of sidewalks is assessed either wholly or in part upon the abutters. It seems not improbable that a new sidewalk may be deemed necessary at an early day in consequence of the change, and that the petitioner's property may be subject to an assessment for the cost of it; but the case calls for no opinion on this subject.

*Exceptions overruled.*